UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| IVAN LEE MATTHEWS, II,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>BOARD OF STATE PRISON COMMISSIONERS, *et al.*,<br><br>　　　　　　　Defendants. | Case No.  2:21-cv-01239-GMN-DJA<br><br>**ORDER** |

　　　　This action began with a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a former state prisoner.  On July 7, 2021, this Court ordered Plaintiff to file a fully complete application to proceed *in forma pauperis* by a non-inmate or pay the full filing fee of $402 on or before August 9, 2021.  (ECF No. 3).  On July 23, 2021, Plaintiff filed an incomplete application to proceed *in forma pauperis* by a non-inmate.  (ECF No. 4).  The August 9, 2021 deadline has now expired, and Plaintiff has not filed a fully complete application to proceed *in forma pauperis* by a non-inmate or paid the full $402 filing fee.

　　　　District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal for noncompliance with local rule);  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)  (affirming dismissal for failure to comply with an order requiring amendment of complaint);  *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address);  *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court order);  *Henderson v. Duncan*, 779 F.2d 1421,

1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Here, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's order requiring Plaintiff to file a fully complete application to proceed *in forma pauperis* by a non-inmate or pay the full $402 filing fee on or before August 9, 2021 expressly stated: "IT IS FURTHER ORDERED that if Plaintiff does not timely comply with this order, this case will be subject to dismissal <u>without prejudice</u> for Plaintiff to file a new case with the Court when Plaintiff is either able to file a fully complete application to proceed in forma pauperis by a <u>non-inmate</u> or pays the full $402 filing fee." (ECF No. 3 at 2). Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order to file a fully complete application to proceed *in forma pauperis* by a non-inmate or pay the full $402 filing fee on or before August 9, 2021.

IT IS THEREFORE ORDERED that this action is dismissed without prejudice based on Plaintiff's failure to file an application to proceed *in forma pauperis* by a non-inmate or pay the full $402 filing fee in compliance with this Court's order dated July 7, 2021.

IT IS FURTHER ORDERED that Plaintiff's incomplete application (ECF No. 4) is denied as moot.

IT IS FURTHER ORDERED that the Clerk of Court shall enter judgment accordingly and close this case. No additional documents will be filed in this closed case.

DATED: August 18, 2021

GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE